# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| VALBRUNA SLATER STEEL CORP. and FORT WAYNE STEEL CORP., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 1:10-CV-00044 JD ) |
| JOSLYN MANUFACTURING CO., et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Now before the Court is the Motion for Summary Judgment filed by Defendant Joslyn Manufacturing Company LLC on May 14, 2010. [DE 19]; *see also* [DE 25] (converting Defendant's motion to a motion for summary judgment). Based on the following, Defendant's motion is GRANTED with respect to Count II and DENIED with respect to Counts I and III of the complaint.

## Background

From 1928 to 1981 Joslyn Manufacturing Company owned and operated a steel mill at 2302 and 2400 Taylor Street (formerly known as 1701 McKinley Avenue) in Fort Wayne, Indiana (collectively "the site"). [DE 28-1 at 1; DE 28-2 at 11-13]. Plaintiffs–the site's current owners–claim that Defendants, Joslyn Manufacturing Company and its parent company and/or successors, contaminated the site's soil and groundwater with chlorinated solvents, metals, and other contaminants during the course of the steel mill's operation. Seeking to recover for cleanup costs that they have incurred or expect to incur, Plaintiffs seek contribution under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9607(a)

("CERCLA" or "Superfund"), and under Indiana's Environmental Legal Action statute, Ind. Code §§ 13-30-9-1 *et seq.* ("ELA"). [DE 1 at 5, 6]. Plaintiffs also seek a declaratory judgment pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, declaring that Defendants "are and will be liable for future costs, expenses, damages and attorneys' fees which are necessary to address and respond to the hazardous substances that continue to exist at or near the Site." [DE 1 at 7].

On February 2, 1981, Joslyn Manufacturing Company sold the site to Slater Steels Corporation ("Slater"). In connection with this sale, the two companies signed an asset purchase agreement, in which Joslyn Manufacturing Company agreed to indemnify Slater for certain costs and expenses. [DE 20-1 at 19-22]. On several occasions between 1988 and 1999, Slater sought indemnification under this agreement for cleanup costs relating to alleged historical contamination of the site, but Joslyn Manufacturing Company denied these requests. [DE 28-6; DE 28-7]. On July 17, 2000, Slater filed suit against Joslyn Manufacturing Company in the Allen County, Indiana Superior Court (the "Slater suit"). [DE 28-9]. Counts I and II of that suit raised claims of contractual indemnification, while Count III brought an ELA claim under Indiana Code §§ 13-30-9. [DE 28-9]. On October 30, 2000, Joslyn Manufacturing Company filed a motion to dismiss Slater's claims. *Id.* at 1. On April 19, 2001, the court denied this motion with respect to Counts I and II. *Id.* at 4. But the Court granted the motion with respect to Count III, noting Joslyn Manufacturing Company's assertion that Slater's claim accrued in 1981 and that the ELA was enacted in 1998. The Court found "no evidence that the legislature intended for [the ELA] to be applied retroactively, and that therefore this claim must be

2

dismissed as a matter of law."[1]  *Id.* at 3, 4.

On June 2, 2003, Slater filed a Chapter 11 voluntary bankruptcy petition in the U.S. Bankruptcy Court for the District of Delaware. [DE 28-12]. At auction, Valbruna Slater Stainless Inc. ("VSSI"), Plaintiffs' corporate parent, purchased the site. The Slater-Valbruna Asset Purchase Agreement ("APA") noted the existence of the Slater suit, and granted VSSI "the right to seek to become a party to the Lawsuit[.]" [DE 20-4 at 7]. On February 13, 2004, the Bankruptcy Court approved the APA and held that Valbruna was not a successor in interest to Slater except as detailed in the APA, and therefore had no other liability for Slater's acts, omissions, or liabilities. [DE 28-15 at 7]. In April 2004, Plaintiffs Valbruna Slater Steel Corporation and Fort Wayne Steel Corporation acquired the site from VSSI. [DE 28-5 at 3].

On December 22, 2004, Joslyn Manufacturing Company filed a motion to dismiss the Slater suit for failure to prosecute, pursuant to Indiana Trial Rule 41(E). [DE 28-17]. On February 2, 2005, the Allen County Court granted this motion and dismissed the Slater suit with prejudice. [DE 20-6].

Plaintiffs filed the present suit on February 11, 2010. [DE 1]. On May 14, 2010, Defendant Joslyn Manufacturing Company LLC filed a motion to dismiss the present suit, claiming that the Allen County Court's dismissal of the Slater suit bars the present action under the doctrine of res judicata, or claim preclusion. [DE 19]. On June 8, 2010, the Court deemed the motion to dismiss converted to a motion for summary judgment. [DE 25]. Plaintiffs filed a response on August 16, 2010, and Defendant filed a reply on August 30, 2010. [DE 27; DE 29].

---

[1] Plaintiffs in the current action claim that the Indiana Supreme Court has since held that the ELA can be applied retroactively. [DE 27 at 6 n.4] (citing *Cooper Indus., LLC v. City of South Bend*, 899 N.E.2d 1274, 1285 (Ind. 2009)). As discussed *infra* part II.B., even if true, this fact would not affect the Court's analysis.

3

## Jurisdiction

This Court has jurisdiction over Plaintiffs' complaint. Count I raises a CERCLA claim pursuant to 42 U.S.C. § 9607(a), while Count III requests declaratory judgment pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57. Because Counts I and III pose federal questions, the Court has original jurisdiction over these claims. 28 U.S.C. § 1331. Count II raises a state-law ELA claim, which derives from the same nucleus of operative fact as the CERCLA claim and forms part of the same case or controversy. Therefore, the Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367(a). *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-66 (1997) (finding supplemental jurisdiction in analogous circumstances).

## Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" the evidence which "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law." *Brown v. City of Lafayette*, No. 4:08-CV-69, 2010 WL 1570805, at *2 (N.D. Ind. Apr. 16, 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986)).

Once the moving party has met this burden, the nonmoving party may not rely merely on allegations or denials in its own pleading; rather, its response must set out specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(c)(1); *Beard v. Whitley Cnty. REMC*, 840 F.2d 405, 410 (7th Cir. 1988). To establish a genuine issue of fact, the nonmoving party must come forward with specific facts showing that there is a genuine issue necessitating trial, not "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *First Nat'l Bank of Cicero v. Lewco Secs. Corp.*, 860 F.2d 1407, 1411 (7th Cir. 1988).

If the nonmoving party fails to establish the existence of an essential element on which it bears the burden of proof at trial, summary judgment is proper–even mandated. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006) (citing *Celotex*, 477 U.S. at 322-23 (holding that a failure to prove one essential element "necessarily renders all other facts immaterial")). In ruling on a motion for summary judgment, a court must view all facts in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255; *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999); *NUCOR Corp. v. Aceros Y Maquilas de Occidente*, 28 F.3d 572, 583 (7th Cir. 1994).

### Res Judicata Requirements

The full faith and credit statute, 28 U.S.C. § 1738, generally determines the preclusive effect of a state court judgment in a subsequent federal suit. In relevant part, that section directs that "[t]he . . . judicial proceedings of any court of any such state . . . shall have the full faith and credit within the United States and its territories as they have by law or usage in the courts of

5

such state . . . from which they are taken." The federal court therefore must apply the claim preclusion law of the forum state of the prior judgment. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 375 (1985); *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). In this case, the Court applies Indiana law because the Slater suit was decided by Allen County Court–an Indiana state court. [DE 28-9].

The rationale underlying the doctrine of res judicata, or claim preclusion, is the prevention of repetitive litigation of what is essentially the same dispute. *Hermitage Ins. Co. v. Salts*, 698 N.E.2d 856, 859 (Ind. Ct. App. 1998) (citing *Scott v. Scott*, 668 N.E.2d 691, 699 (Ind. Ct. App. 1996)). "The doctrine of res judicata bars relitigation of a claim after a final judgment has been rendered when the subsequent action involves the same claim between the same parties or their privities." *Id.* In Indiana, the following four requirements must be satisfied for a claim to be precluded under the doctrine of res judicata:

> (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies.

*Hermitage*, 698 N.E.2d at 859; *accord Indianapolis Downs, LLC v. Herr*, 834 N.E.2d 699, 703 (Ind. Ct. App. 2005).

### I. Count I - CERCLA Claim

In addition to numerous other grounds cited in their response, Plaintiffs contend that res judicata does not bar their suit for CERCLA damages because the Slater court could not have adjudicated contribution rights under CERCLA, which is the subject-matter of the current suit. Plaintiffs are correct.

6

**A. Indiana Law Requires Prior Jurisdictional Competency**

Indiana requires prior jurisdictional competency to establish claim preclusion. *See Hermitage*, 698 N.E.2d at 859; *see also Doyle v. Town of Litchfield*, 372 F. Supp. 2d 288, 293-94 (D. Conn. 2005) (interpreting the "court of competent jurisdiction" requirement in Connecticut law as competency to decide the present action, as discussed in *Marrese*); *but see Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 42 (4th Cir. 1990) (holding that *federal* res judicata requires only "(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action"). "[T]he jurisdictional competency requirement generally is understood to imply that state court litigation based on a state statute analogous to a federal statute . . . does not bar subsequent attempts to secure relief in federal court if the state court lacked jurisdiction over the federal statutory claim." *Marrese*, 470 U.S. at 383 n.3 (citing Restatement (Second) of Judgments § 26(1)(c) (1982)).

The Supreme Court's holding on this issue is clear:

> With respect to matters that were not decided in the state proceedings, we note that claim preclusion generally does not apply where "[t]he plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy because of the limitations on the subject matter jurisdiction of the courts . . . ." If state preclusion law includes this requirement of prior jurisdictional competency, which is generally true, a state judgment will not have claim preclusive effect on a cause of action within the exclusive jurisdiction of the federal courts.

*Id.* at 382 (quoting Restatement (Second) of Judgments § 26(1)(c)).

**B. Indiana Courts Have No Jurisdiction Over CERCLA Actions**

Actions under CERCLA are within the exclusive jurisdiction of the federal courts. 42 U.S.C. § 9613(b) states, in relevant part, that "the United States district courts shall have exclusive original jurisdiction over all controversies arising under this chapter, without regard to

7

the citizenship of the parties or the amount in controversy." Indeed, "[i]t is undisputed that a CERCLA claim cannot be brought in state court." *Shapiro v. Alexanderson*, 741 F. Supp. 472, 476 (S.D. N.Y. 1990); *accord T & E Indus., Inc. v. Safety Light Corp.*, 680 F. Supp. 696, 702 (D. N.J. 1988) ("It is clear that under CERCLA the federal district courts have exclusive jurisdiction.") (citing § 9613(b)). "State courts do not have 'competent jurisdiction' over, or 'concurrent jurisdiction' with, claims within the exclusive jurisdiction of the federal courts, and without that, res judicata does not apply." *Doyle*, 372 F. Supp. 2d at 274 (citing *Marrese*, 470 U.S. at 382)).

Because Indiana law imposes the requirement of prior jurisdictional competency to establish claim preclusion, and because CERCLA actions fall within the exclusive jurisdiction of the federal courts, the judgment in the Slater suit does not bar Plaintiffs' CERCLA claims against Defendants.[2]

Moreover, the Court notes that in determining whether a state judgment precludes a CERCLA suit, other district courts have conducted the same analysis and reached the same result when applying the preclusion laws of states that require jurisdictional competency to establish claim preclusion. In *Doyle v. Town of Litchfield*, for example, the district court held that "because Connecticut law requires prior jurisdictional competency for claim preclusion to apply, and because the Connecticut courts do not have jurisdiction to hear CERCLA claims, [plaintiff]'s CERCLA claim is not barred by the res judicata doctrine." 372 F. Supp. 2d at 294. And in *Shapiro v. Alexanderson*,, the district court summarized: "It is undisputed that a

---

[2] "The issue whether there is an exception to § 1738 arises only if state law indicates that litigation of a particular claim or issue should be barred in the subsequent federal proceeding." *Marrese*, 470 U.S. at 383 (referring to the full faith and credit statute). Given the previous analysis, this is not the case here.

CERCLA claim cannot be brought in state court. Accordingly, the judgments in the New York action do not bar the subsequent assertion of CERCLA claims herein." 741 F. Supp. at 476 (citing 42 U.S.C. § 9613(b)); *accord T&E Indus.*, 680 F. Supp. at 702 (reaching the same conclusion under New Jersey law).

The fact that the Slater suit was decided in state court–therefore requiring the application of state (not federal) preclusion law–distinguishes the instant case from precedent cited by Defendants. *See*, *e.g.*, *Aliff v. Joy Mfg. Co.*, 914 F.2d 39 (4th Cir. 1990) (holding that a judgment in a prior federal suit precluded claims in a subsequent federal suit); *Town of Munster v. Sherwin-Williams Co., Inc.*, 27 F.3d 1268 (7th Cir. 1994) (same); *United States v. Gurley*, 43 F.3d 1188 (8th Cir. 1994) (same); *see also Arrow Gear Co. v. Downers Grove Sanitary Dist.*, 629 F.3d 633 (7th Cir. 2010) (discussing the preclusive effect of a settlement in a prior federal suit on a subsequent federal suit).³

Based on the foregoing, the Court concludes that the dismissal of the Slater suit does not preclude Plaintiffs from raising their CERCLA contribution claims in the present action. Accordingly, Defendants' motion for summary judgment is hereby DENIED as to Count I. Because this claim remains pending, the Defendants' motion is hereby DENIED with respect to Count III–Plaintiffs' request for a declaratory judgment.

## II. Count II - ELA Claim

Plaintiffs' complaint also asserts a claim under the Indiana Environmental Legal Action

---

³ In *Marrese*, the U.S. Supreme Court cited *Becher v. Contoure Laboratories, Inc.*, 279 U.S. 388 (1929), and *Kremer v. Chemical Construction Corp.*, 456 U.S. 461 (1982), in discussing "the issue preclusive effect of a prior state judgment in a subsequent action involving a claim within the exclusive jurisdiction of the federal courts." 470 U.S. at 381. Contrary to Defendants' suggestion, however, the *Marrese* Court went on to note that state judgments generally do not have a claim preclusive effect on exclusively federal claims. *Id.* at 382.

9

("ELA") statute, Ind. Code §§ 13-30-9-1 *et seq*. Based on the Indiana res judicata doctrine cited previously, the judgment in the Slater suit does preclude Plaintiffs' ELA claim.

Again, Indiana law requires the following elements to establish claim preclusion:

> (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies.

*Hermitage*, 698 N.E.2d at 859.

### A. Competent Jurisdiction

All four elements are satisfied in this case. First, the Slater court was a court of competent jurisdiction, as defined in *Marrese*. As a court of general jurisdiction, the Allen County Court had jurisdiction to entertain the state-law ELA claim made in the Slater suit. *See* Ind. Code §§ 13-30-9-2, 13-30-9-3.

### B. On the Merits

Second, the former judgment was rendered on the merits. In the Slater suit, Defendant Joslyn sought dismissal with prejudice of Slater's claims. [DE 28-10 at 2, 10]. The Allen County Court determined that Slater's environmental claims accrued in 1981, but that the ELA was not enacted until 1998. [DE 28-9 at 3]. The Court concluded that the ELA could not be applied retroactively, and dismissed Slater's claims as a result. *Id.* at 3, 4. Such a dismissal for failure to state a claim upon which relief can be granted is a dismissal on the merits. *See Baker & Daniels, LLP v. Coachmen Indus., Inc.*, 924 N.E.2d 130, 135 n.5 (Ind. Ct. App. 2010) ("For purposes of Indiana law, a dismissal with prejudice constitutes a dismissal on the merits and is therefore conclusive of the rights of the parties and res judicata as to the questions that might

10

have been litigated."); *see also Harper Plastics, Inc. v. Amoco Chem. Corp.*, 657 F.2d 939, 943 (7th Cir. 1981) ("Traditionally, a judgment is on the merits if it completely disposes of the underlying cause of action (citing *Cromwell v. Cnty. of Sac*, 94 U.S. 351 (1877)), or determines that the plaintiff has no cause of action, (citing Restatement of the Law of Judgments § 49, comment a at 193 (1942))."). The fact that the Indiana Supreme Court may have subsequently sanctioned the retroactive application of the ELA, *see Cooper Indus., LLC v. City of South Bend*, 899 N.E.2d 1274, 1285 (Ind. 2009), does not affect this analysis. *See Perry v. Gulf Stream Coach, Inc.*, 871 N.E.2d 1038, 1048 (Ind. Ct. App. 2007) ("Nor are the res judicata consequences of a final, unappealed judgment on the merits altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case.") (quoting *Fed. Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)).

**C. Matter Was or Could Have Been Determined**

Third, Plaintiffs' current ELA claim was, or could have been determined in the prior action. Slater brought an ELA claim on grounds identical to those of Plaintiffs' ELA claim, which the Allen County Court dismissed. [DE 28-9 at 4]; *see also Peterson v. Culver Educ. Found.*, 402 N.E.2d 448, 460 (Ind. Ct. App. 1980) ("Every question which was within the issues, and which, under the issues, might have been proved, will be presumed to have been proved and adjudicated.") (quoting *Jordan v. Sisson*, 141 N.E. 881, 882 (Ind. App. 1924)).

**D. Between the Present Parties or Their Privies**

And fourth, the controversy adjudicated in the former action was between the parties to the present suit or their privies. "A 'privy' is one who, after the commencement of the action, has acquired an interest in the subject matter affected by the judgment, through or under one of

11

the parties by inheritance, succession, or purchase." *Bailey v. Beekman*, 362 N.E.2d 1171, 1174 (Ind. App. 1977) (quoting *Tobin v. McClellan*, 73 N.E.2d 679, 683 (Ind. 1947)). For purposes of res judicata, the Indiana Court of Appeals has

> noted that the term "privity" describes the identity of interests that may connect persons to such an extent that one not a party to an action may nevertheless be bound by the judgment in that action. The term "privity" includes those who were in control of the earlier action even though they were not a party to it, and those whose interests are represented by a party to the action.

*Hermitage*, 698 N.E.2d at 859 (quoting *Marsh v. Paternity of Rodgers*, 659 N.E.2d 171, 173 (Ind. Ct. App. 1995)). Additionally, "[i]n the case of a transfer of interest subsequent to commencement of the action, substitution of the person to whom the interest is transferred is permitted but is not required and the action may be continued by or against the original party." *Braun v. Loshe*, 390 N.E.2d 189, 192 (Ind. App. 1979) (affirming a finding of res judicata despite a transfer of interest) (citing Ind. R. Trial P. 25(C); 2 *Harvey, Indiana Practice* 431 (1970)).

The Court first examines privity between the plaintiff in the Slater suit and those in the current suit. In the Slater suit, Slater brought claims against Joslyn Manufacturing Company, alleging that Joslyn's operations at the site resulted in the site's contamination. [DE 29-9]. The Slater suit was brought on July 17, 2000. [DE 28-9]. Subsequently, Slater became insolvent and filed for bankruptcy on June 2, 2003. [DE 28-12]. In April 2004, VSSI purchased the site at auction and received notice that the Slater suit was ongoing, but did not seek to join it. [DE 20-4 at 7]. VSSI then transferred ownership of the site to Plaintiffs, its subsidiaries. [DE 28-5 ¶ 10]. Based on the foregoing, the Court finds that the Plaintiffs in the current suit "acquired an interest in the subject matter affected by the judgment" by inheritance, succession, or purchase, and

12

therefore are in privity with Slater.[4] *See Bailey*, 362 N.E.2d at 1174.

Privity is also clear with respect to the Defendants in this case, Joslyn Manufacturing Company (formerly known as Joslyn Corporation, formerly known as Joslyn Manufacturing & Supply Company), Joslyn Corporation (formerly known as Joslyn Holding Company), and Joslyn Manufacturing Company LLC. Defendant Joslyn Manufacturing Company LLC contends that Joslyn Manufacturing Company "owned and operated the site before February 1981." [DE 29 at 15]. Joslyn Manufacturing Company was the named defendant in the Slater suit. [DE 28-1]; *see also id.* at ¶ 2 (admitting in the Slater suit that Joslyn Manufacturing Company owned and operated a steel production facility at the site before 1981). And in its response to Plaintiffs' interrogatory number four, Defendant Joslyn Manufacturing Company LLC stated that Joslyn Manufacturing Company was merged into the former in 1996. [DE 28-11 at 2]. Based on this evidence, the Court finds that the Defendants in the current suit "acquired an interest in the subject matter affected by the judgment", through inheritance, succession, or purchase, and therefore are privies of Joslyn Manufacturing Company. *See Bailey*, 362 N.E.2d at 1174.

Because both Plaintiffs and Defendants are privies of the parties to the Slater suit, the fourth element of res judicata is satisfied.

In addition to enjoying legal support, this conclusion vindicates the interests protected by the doctrine of res judicata. By prevailing on the merits of the Slater suit, Defendants obtained

---

[4] The Court notes also that the bankruptcy court order and the underlying asset purchase agreement executed by VSSI do not destroy privity between Plaintiffs. The bankruptcy court order only declared that the successful bidder for the site is not a successor in interest to Slater, and therefore is not subject to any liens, claims, or encumbrances that could be brought against Slater. [DE 28-15 at 4-6]. It nowhere abrogated any legal defense to suit belonging to Joslyn Manufacturing Company.

the right to be free from all claims that were or could have been raised in that proceeding. *See Hermitage*, 698 N.E.2d at 859 (citing *Scott v. Scott*, 668 N.E.2d 691, 699 (Ind. Ct. App. 1996)) ("The principle of res judicata . . . is the prevention of repetitious litigation of essentially the same dispute."). The fact that the loser of the prior suit went bankrupt or otherwise sold its assets pursuant to contract should not affect the winner's right to freedom from repetitious litigation of claims on which it already prevailed. *See*, *e.g.*, *Bailey*, 362 N.E.2d at 1174 (decision adjudicating ownership of alleyway precluded later challenge against new owner). The right to a defense of res judicata belongs to the suit's winner–the loser cannot unilaterally contract it away.

Based on the forgoing, the dismissal of the plaintiff's claim in the Slater suit precludes Plaintiffs' ELA claim in this action. Therefore, Defendant's motion for summary judgment is hereby GRANTED as to Count II.

## Conclusion

Defendant's motion for summary judgment is GRANTED with respect to Count II of the complaint. Defendant's motion is DENIED with respect to Counts I and III.

SO ORDERED.

ENTERED: April 11, 2011

/s/ JON E. DEGUILIO
Judge
United States District Court

14