**GUNITED STATES DISTRICT COURT**
**NORTHER DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| VALBRUNA SLATER STEEL<br>CORPORATION and FORT WAYNE STEEL<br>CORPORATION, | )<br>)<br>) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | )      **CAUSE NO. 1:10-CV-44** |
| | ) |
| JOSLYN MANUFACTURING CO., *f/k/a Joslyn* | ) |
| *Corporation f/k/a Joslyn Manufacturing &* | ) |
| *Supply Company*; JOSLYN CORPORATION, | ) |
| *f/k/a Joslyn Holding Company*; and JOSLYN | ) |
| MANUFACTURING COMPANY, LLC; | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

This matter is before the Court on Defendant Joslyn Manufacturing Company, LLC's

Motion to Reconsider Part of Docket # 58.[1]  (Docket # 60.)  Plaintiffs opposed the motion

(Docket # 61), and Joslyn replied (Docket # 62).  As such, the motion is now ripe for ruling.

For the following reasons, Joslyn's motion to reconsider will be DENIED.

### A.  Factual and Procedural Background

Plaintiffs Valbruna Slater Steel Corporation and Fort Wayne Steel Corporation

(collectively, "Valbruna") brought this action under the Comprehensive Environmental

Response Compensation and Liability Act, 42 U.S.C. § 9607(a), and Indiana's Environmental

Legal Action Statute, Ind. Code §§ 13-30-9-1 *et seq.*, against Joslyn in February 2010.  (Docket

# 1.)  Joslyn subsequently attempted to end the litigation twice, filing a motion to dismiss based

---

[1] The Court will refer to the Joslyn Defendants as simply "Joslyn."

on claim preclusion (Docket # 19), which the Court converted into a motion for summary judgment (Docket # 25), and a motion for summary judgment arguing that the statute of limitations barred Valbruna's claims (Docket # 42), both of which the Court denied (Docket # 35, 39, 50).  Shortly after the latter motion was denied, Joslyn moved for leave to file an Amended Answer adding a Counterclaim and to amend its claim preclusion and statute of limitations defenses.  (Docket # 52.)  Valbruna objected to Joslyn's attempt to amend these defenses, requesting they be stricken because the Court had already determined they were not viable.  (Docket # 54.)

On June 5, 2013, the Court granted Joslyn's motion for leave to file an Amended Answer, but also granted Valbruna's motion to strike, ordering that the claim preclusion and statute of limitations defenses be stricken from the Amended Answer based on the prior denial of Joslyn's motions for summary judgment on these defenses.  (Docket # 58.)  Joslyn then filed the instant motion, asking the Court to reconsider, not the striking of these defenses, but the part of its June 5, 2013, Opinion and Order that appears to bar Joslyn from seeking revision of the interlocutory orders denying its summary judgment motions.  (Defs.' Mot. to Reconsider Part of Docket # 58 ("Defs.' Mot. to Reconsider") 1-2 (citing Docket # 58 at 5-6).)  Joslyn argues that no absolute bar against successive summary judgment motions exist and that they are permissible under certain circumstances.  (*See* Defs.' Mot. to Reconsider 2-4.)

Valbruna opposes the motion to reconsider, arguing that Joslyn continues to waste the time and resources of both the Court and the Plaintiffs in an "seemingly endless quest to assert . . . two failed affirmative defenses" and that the Court has substantial discretion to manage its docket and dispose of these claims "for good."  (Pls.' Resp. to Joslyn's Mot. to Reconsider 1, 4.)

In reply, Joslyn reiterates that, under Federal Rule of Civil Procedure 54(b), an order denying summary judgment is interlocutory and can be revised at any time before final judgment by, for instance, filing a successive motion for summary judgment. (Defs.' Reply in Supp. of its Mot. to Reconsider ("Defs.' Reply") 2.) Joslyn further argues that new facts may be revealed in discovery that would justify filing another summary judgment motion. (Defs.' Reply 2.)

### B. Applicable Law

The party moving for reconsideration bears a heavy burden. *McKenzie v. City of Chicago*, 968 F. Supp. 1268, 1272 (N.D. Ill. 1997). This is because a motion for reconsideration performs a valuable, but limited, function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (stating that the problems a motion to reconsider is designed to remedy "rarely arise and the motion to reconsider should be equally rare"). Put another way, "[a] district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it." *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008). At the same time, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale*, 90 F.3d at 1270 (citations omitted).

### C. Analysis

Here, Joslyn suggests that the Court should reconsider its June 5, 2013, Opinion and

Order because it went past the issue that needed to be decided—whether Joslyn's two failed affirmative defenses should be stricken—and appeared to bar Joslyn from filing a successive motion for summary judgment on these defenses.  (Defs.' Mot. to Reconsider 1-2, 5.)  But nothing in that Opinion and Order was meant to bar Joslyn from filing a successive motion for summary judgment.  Such a determination is within the discretion of the district court, *Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009), as a denial of a motion for summary judgment is an interlocutory order, which district courts have broad discretion to reconsider at any time before entry of judgment, *Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 694 n.5 (7th Cir. 2007); *Flood v. Dominguez*, No. 2:08 CV 153 PPS PRC, 2011 WL 238265, at *1 (N.D. Ind. Jan. 21, 2011); *see* FED. R. CIV. P. 54(b).

Although the Court does not anticipate a successive motion for summary judgment—and Joslyn represents that it is unlikely to file one (Defs.' Mot. to Reconsider 4)—the Seventh Circuit Court of Appeals has offered guidance in this area, stating that a renewed or successive summary judgment motion is appropriate "if good reasons exist," and particularly under the following circumstances: "(1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or prevent manifest injustice."  *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995) (internal quotation marks and citation omitted).  As such, should Joslyn believe that one of the above circumstances or other "good reasons" exist, then it may seek leave of court to file a successive motion for summary judgment.

As for the present motion, the Court's ultimate decision in its June 5, 2013, Opinion and Order was that Joslyn's claim preclusion and statute of limitation defenses were stricken from its

Amended Answer.  This ruling was correct—and because the Court did not overreach in entering it—Joslyn's motion to reconsider will be DENIED.  *See Martin v. Teusch*, No. 1:09-CV-321-TLS, 2011 WL 3610619, at *1 (N.D. Ind. Aug. 16, 2011) (denying motion to reconsider where, *inter alia*, plaintiff did not show that the court patently misunderstood him or made a decision outside the adversarial issues presented by the parties); *Total Commc'n Servs., Inc. v. Seiscor Tech., Inc.*, No. 88 C 8312, 1991 WL 65817, at *2 (N.D. Ill. Apr. 19, 1991) (denying a motion to reconsider when the court reconsidered its rationale, but not the result).

### D.  Conclusion

For the foregoing reasons, Joslyn's Motion to Reconsider Part of Docket # 58 (Docket # 60) is DENIED.

SO ORDERED.

Enter for this 24th day of July, 2013.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge