UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| VALBRUNA SLATER STEEL CORPORATION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | )    CAUSE NO. 1:10-CV-44 ) |
| FORT WAYNE STEEL CORPORATION, et al., | ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is a Joint Motion for Entry of Protective Order submitted by the parties (Docket # 67), seeking the Court's approval of a proposed stipulated "Protective Order/Confidentiality Agreement Concerning Discovery Information" pursuant to Federal Rule of Civil Procedure 26(c). Because the proposed order, which extends beyond the discovery phase of the proceedings, is deficient in several ways, it will be DENIED.

A protective order must extend only to "properly demarcated categor[ies] of legitimately confidential information." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). Here, however, the definition of "Confidential" information in paragraph 2 of the proposed order is vague and overly broad in that it seeks to protect any "information or document that [a party] deems, in good faith, to be confidential, i.e., it constitutes a trade secret, contains information protectable by law, or contains confidential or financial information."

Defining "Confidential" by using terms such as "confidential information," "financial information," and other proprietary information" does not create adequately demarcated

categories. *See MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998). Moreover, paragraph 2 of the proposed order also incorporates a "fudge" term—"in good faith"—that compounds the vagueness of the definition of "Confidential" information. *See Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (articulating that a party's attempt to qualify a "fudge" word by the phrase "in good faith" fails to sufficiently cure the deficiency).

Indeed, if the Court were to approve this language, the parties would be afforded a "virtual carte blanche . . . to seal whatever portions of the record the party wanted to seal." *Cincinnati Insurance*, 178 F.3d at 944. But the Seventh Circuit Court of Appeals has repeatedly held that such overly broad protective orders are invalid. *Id*. at 945.

Also, paragraph 12 of the proposed order attempts to bind "any additional party who has not yet been appeared in this action" to the terms of the protective order. But the Court will not approve and adopt such a provision. *See Am. Hardware Mfrs. Ass'n v. Reed Elsevier, Inc*., No. 03 C 9421, 2007 WL 3120052, at *2 (N.D. Ill. Oct. 22, 2007) ("[W]e find that the third party defendants were not actually parties to the protective order because the order was stipulated to by [the parties] prior to the entry of the third party defendants. Common sense and basic contract law dictate that since [the third party defendants] were not parties to the agreement, they cannot be bound by its provisions.")

It is important to remember that "the public at large pays for the courts and therefore has

an interest in what goes on at all stages of a judicial proceeding." *Cincinnati Insurance*, 178 F.3d at 945-46.  The Seventh Circuit has "insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).  That is, "[w]hat happens in federal courts is presumptively open to public scrutiny." *Id*.  Therefore, a protective order "may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2.

For these reasons, the Court DENIES approval of the proposed stipulated Protective Order/Confidentiality Agreement Concerning Discovery Information submitted by the parties.  (Docket # 67.)  The parties may, however, submit a revised proposed protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law.

SO ORDERED.

Enter for this 11th day of September, 2013.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge