# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| VALBRUNA SLATER STEEL CORPORATION, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:10-cv-44 ) |
| JOSLYN MANUFACTURING COMPANY, et al., | ) ) ) ) |
| Defendants. | ) |

## OPINION and ORDER

Before the Court is a Joint Motion to Extend Certain Case Management Deadlines filed by the parties on July 17, 2014, seeking to extend the discovery period by another four months and the expert reports deadline by nearly two months. (Docket # 73.) Because the parties fail to show good cause for their request for a third extension, the motion will be DENIED.

### A. *Procedural Background*

Plaintiffs filed this action against Defendants more then four years ago, in February 2010, under the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. § 9607(a), and Indiana's Environmental Legal Action Statute, Ind. Code §§ 13-30-9-1 *et seq.* (Docket # 1.) After the District Judge granted in part and denied in part Defendants' motion to dismiss (Docket # 35) and denied Defendants' summary judgment motion (Docket # 50), the Court conducted a scheduling conference on May 28, 2013, setting a discovery deadline of April 25, 2014; and expert reports deadline of December 20, 2013, for Plaintiffs, and February 20, 2014, for Defendants. (Docket # 57.)

In December 2013, upon the parties' motion, the Court extended discovery to July 24, 2014; Plaintiffs' expert reports deadline to March 20, 2014; and Defendants' expert reports deadline to May 21, 2014. (Docket # 69-70.) And in March 2013, again at the parties' request, the Court extended discovery to September 22, 2014; Plaintiffs' expert reports deadline to May 19, 2014; and Defendants' expert reports deadline to July 21, 2014, cautioning the parties that no further extensions would be granted. (Docket # 71-72.) Nevertheless, on July 17, 2014, the parties filed the instant motion to further extend these deadlines. (Docket # 73.)

### B. *Applicable Legal Standard*

"Continuances or extensions of time with respect to the deadlines for . . . discovery . . . will be granted only upon a convincing showing of good cause . . . ." *Smith v. Howe Military Sch.*, No. 3:96-CV-790RM, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997) (citing Fed. R. Civ. P. 16(b)); *see United States v. 1948 S. Martin Luther King Drive*, 270 F.3d 1102, 1110 (7th Cir. 2001); *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). The good cause standard focuses on the diligence of the party seeking the extension. *Smith*, 1997 WL 662406 at *1; *Tschantz*, 160 F.R.D. at 571.

### C. *Analysis*

Most of the parties' proffered reasons for requesting yet another extension to the discovery period and expert witness deadlines are the same as those recited in their last two requests for extensions. That is, that the parties "continue to uncover and generate additional information that will be useful in more efficiently resolving this litigation," they have "undertaken substantial document discovery" and "those discovery efforts are ongoing," and they do not believe that the requested extensions will "prejudice" any party or disrupt the management of this case. (*Compare* Docket # 73, *with* Docket # 69, 71.) This time, the parties add that they are "preparing for formal

2

settlement negotiations," and that Defendants need additional time to review a large volume of recently produced documents in advance of their expert disclosure deadline. (Docket # 73.)

But these conclusory statements are insufficient to establish "good cause." *See, e.g.*, *Hartford v. Schindler Elevator Corp.*, No. 1:09-cv-132, 2011 WL 6026114, at *1-2 (N.D. Ind. Dec. 1, 2011) (denying plaintiff's motion for leave to file an untimely response where it failed to establish good cause). Two extensions to the discovery period have already been granted (Docket # 69-73); discovery has spanned fourteen months and two months remain in the period; and when affording the parties a second extension, this Court cautioned them that no further extensions would be granted (Docket # 72). In short, the parties do not show that despite their diligence, the time table for completing discovery and expert reports could not reasonably be met. *See Smith*, 1997 WL 662406 at *1; *Tschantz*, 160 F.R.D. at 571.

"[T]his Court takes seriously the scheduling orders it issues–and so should the litigants." *S.E.C. v. Lipson*, No. 97 C 2661, 1999 WL 104357, at *2 (N.D. Ill. Feb.24, 1999). "[A] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id.* (internal quotation marks and citation omitted); *see Custom Foam Works, Inc. v. Hydrotech Sys., Ltd.*, No. 09-cv-710, 2011 WL 2161106, at *3 (S.D. Ill. June 1, 2011) ("[D]eadlines have meaning and consequences.") (collecting cases). Therefore, the parties' motion will be denied.

### D. *Conclusion*

For the foregoing reasons, the Joint Motion to Extend Certain Case Management Deadlines

(Docket # 73) is DENIED.

SO ORDERED.

Entered this 18th day of July, 2014.

                                                                s/ Roger B. Cosbey
                                                                Roger B. Cosbey,
                                                                United States Magistrate Judge