UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| VALBRUNA SLATER STEEL | ) |
| CORPORATION, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:10-cv-44-JD-SLC |
| | ) |
| JOSLYN MANUFACTURING | ) |
| COMPANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is a motion to compel (DE 87) filed by Defendant Joslyn Manufacturing Company, LLC (hereinafter, "Joslyn"). In its motion, Joslyn seeks to compel a third party, Ms. Andrea Robertson Habeck, to produce documents she withheld at her deposition. Because the motion has been filed before the wrong court, however, it will be denied.

To explain, the Court will first provide a brief summary of the undisputed facts in this case. Joslyn served a subpoena upon Ms. Habeck, requiring her to testify at a deposition in this action. The subpoena included a rider which requested specific documents related to Ms. Habeck's statements. Ms. Habeck's deposition was held on February 17, 2015, in Indianapolis. During the deposition, Ms. Habeck's counsel stated an objection to providing certain documents that would be responsive to the rider on grounds of deliberative process privilege. Joslyn then filed the instant motion to compel the production of the withheld documents.

The subpoena (DE 88-1 at 10), which was issued by the Northern District of Indiana, was served to Ms. Habeck at her place of business in Indianapolis, Indiana (DE 88-1 at 9), and

commanded her to appear for a deposition in Indianapolis on February 17, 2015. Federal Rule of Civil Procedure 45(c) states that "[a] subpoena may command a person to attend a . . . deposition . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person," and "[a] subpoena may command production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person . . . ." Here, Joslyn's subpoena commanded Ms. Habeck to attend and produce documents at the deposition in Indianapolis, which took place at her place of work. Thus, the subpoena easily satisfied the 100 mile requirement.

However, where a person who is commanded to produce documents or tangible things objects to the production, "the serving party may move *the court for the district where compliance is required* for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2) (emphasis added). Additionally, Federal Rule of Civil Procedure 37(a)(2) makes it clear that a motion to compel disclosure or discovery "to a nonparty *must* be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2) (emphasis added). Therefore, the motion to compel should have been filed in the Southern District of Indiana, where the subpoena is to be enforced, not the Northern District of Indiana, where the subpoena was issued.

For this reason, Joslyn's motion to compel (DE 87) is DENIED.

SO ORDERED.

Entered this 28th day of April, 2015.

S/Susan Collins  
Susan Collins  
United States Magistrate Judge