UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| VALBRUNA SLATER STEEL CORPORATION and FORT WAYNE STEEL CORPORATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:10-CV-044-JD |
| JOSLYN MANUFACTURING COMPANY; JOSLYN CORPORATION and JOSLYN MANUFACTURING COMPANY, LLC, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

Now before the Court is a motion by Defendant Joslyn Manufacturing Company, LLC (Joslyn) to certify certain questions pertaining to its statute of limitations and claim preclusion defenses for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). [DE 126]. The parties have briefed this motion [DE 127, 129, 131] and it is ripe for review.

The facts and procedural history of this case have been set out at length in prior orders, so the Court only briefly addresses them here. This is a dispute between Plaintiffs Valbruna Slater Steel Corporation and Fort Wayne Steel Corporation (collectively Valbruna) and the Defendants (Joslyn and related entities) over who should bear the cost of cleaning up contamination at a steel processing site. Valbruna currently owns the site and claims that it is entitled to reimbursement from Joslyn, one of its prior owners[1] who Valbruna says contaminated it extensively. Joslyn denies liability asserting, among other things, that Valbruna's claims are barred on statute of

---

[1] The site, located at 2302 and 2400 Taylor Street in Fort Wayne, Indiana, appears to have actually been owned by Joslyn Manufacturing when the alleged contamination occurred. Joslyn Manufacturing later merged into Joslyn Manufacturing Company LLC.

1

limitations and claim preclusion grounds.

Joslyn first raised these defenses in an initial round of motions for summary judgment in 2010 and 2012. [DE 19];[2] [DE 42]. The Court rejected the statute of limitations defense, [DE 50], and found that prior state court litigation barred Valbruna's claim under Indiana's Environmental Legal Action (ELA) statute, Ind. Code §§ 13-30-9-1 *et seq.*, but not its federal claim under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9607(a). [DE 35]. Joslyn filed a motion for reconsideration as to the Court's claim preclusion ruling, [DE 36], in response to which the Court amended its reasoning, but once again denied summary judgment on Valbruna's CERCLA claim. [DE 39]. Joslyn then sought leave from the magistrate judge to file an amended answer which reiterated its claim preclusion and statute of limitations defenses. [DE 52]. The magistrate judge permitted Joslyn to file an amended answer, but struck those defenses. [DE 58]. Joslyn filed a motion to reconsider the striking of its defenses, which the magistrate judge denied, [DE 64], informing Joslyn that it could seek leave to file successive motions for summary judgment at later time if it believed it could provide sufficient justification for doing so consistent with *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995). *Id*.

Without seeking leave to do so, Joslyn later filed a new round of motions for summary judgment based on claim preclusion and the statute of limitations. [DE 96, 99]. It further requested, in the event of a decision adverse to it, that the Court certify certain questions pertaining to those defenses for interlocutory appeal under section 1292(b). The Court denied Joslyn's motions for summary judgment since it did not seek leave to file them. It further declined to rule on Joslyn's request for interlocutory appeal, though invited the parties to provide

---

[2] Joslyn's claim preclusion argument was initially presented as a motion to dismiss, but the Court converted it to a motion for summary judgment.

supplemental briefing on that issue. They have now done so, and the Court turns to considering whether an interlocutory appeal is warranted in this case.

## ANALYSIS

Under 28 U.S.C. § 1292(b), a district court judge may certify an interlocutory order for appellate review. There are four statutory criteria for the grant of such an appeal: "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation. There is also a nonstatutory requirement: the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed." *Ahrenholz v. Board of Trustees of the University of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000). Interlocutory appeals are generally "frowned on" in the federal judicial system because of their potential to interrupt and delay litigation. *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012). As such, "leave to appeal an interlocutory order will not be granted absent exceptional circumstances." *Stanek v. Saint Charles Cmty. Unit Sch. Dist. #303*, No. 13-CV-3106, 2015 WL 5076991, at *3 (N.D. Ill. Aug. 26, 2015).

Joslyn seeks to certify three questions for appeal related to its claim preclusion defense:

(1) Whether the jurisdictional competency requirement is met because the Indiana state court that decided the Slater suit had competent jurisdiction to decide the matter before it?

(2) Whether Indiana's jurisdictional competency requirement is met because Slater, in an offensive posture as plaintiff, could have asserted a CERCLA claim in the first suit by suing in federal court?

(3) Whether the alternate identical evidence test is met because Slater's and Valbruna's claims for past and future environmental response costs arise from the same common occurrence – Joslyn's alleged contamination of the site prior to 1981 – and CERCLA is merely a different legal theory of recovery for the same cause of action?

It also seeks to certify two questions related to its statute of limitations defense:

3

(1) Whether physical construction of a reinforced concrete cap to "landfill" residual contamination is a remedial action triggering the limitations period of § 113(g)(2)(B)?

(2) Whether physical construction of a remedial action that is a key component of the overall remedial strategy triggers the six-year limitations period of § 113(g)(2)(B) as to the entire site?

For the reasons that follow, the Court does not believe an interlocutory appeal is warranted in this case.

*Contestable*

To be suitable for section 1292(b) certification, a question of law must be contestable. *Ahrenholz*, 219 F.3d at 675. A question of law is contestable if there is a substantial ground for a difference of opinion as to its appropriate resolution. *Lajim, LLC v. Gen. Elec. Co.*, No. 13 CV 50348, 2016 WL 626801, at *2 (N.D. Ill. Feb. 17, 2016) (citing *Ahrenholz*, 219 F.3d at 675). That is true where "there is a 'difficult central question of law which is not settled by controlling authority[.]'" *Id.* at *2 (quoting *Republic Bank of Chicago v. Desmond*, No. 13 CV 6835, 2015 WL 4397781, at *11 (N.D. Ill. July 17, 2015)). Joslyn asserts its claim preclusion and statute of limitations defenses present contestable questions of law.

The Court first addresses the contestability of the statute of limitations issue. A brief bit of background is helpful here. In short, the parties disagree over whether certain work performed in the 1980s and 1990s by Valbruna's predecessor, Slater Steels Corporation (Slater), constituted a "removal" action or a "remedial action" as those terms are defined by the CERCLA statute. Broadly speaking, a removal action is an acute response taken to counter an imminent threat to public health, whereas a remedial action is typically a longer term, more permanent action. Joslyn says Slater's work was remedial and thus triggered the applicable statute of limitations before this action was filed. Valbruna argues that it was a removal action, and that

remedial action did not begin until several years later, making this action timely. The Court ruled in favor of Valbruna finding that the work performed by Slater was a removal action. [DE 50]. The Court further found that even if the work performed by Slater was a remedial action, it was part of a different operable unit from the work performed by Valbruna and thus subject to a different statute of limitations. *Id*.

Joslyn now says there are substantial grounds for a difference of opinion on these issues. The Court agrees. The parties have not presented any Seventh Circuit case that is squarely on point with the facts of this case, nor has the Court located one in its own research. Furthermore, as this Court acknowledged previously, parsing the difference between a removal action and a remedial action "is not an easy question" given the overlap between those statutory definitions. [DE 50 at 12] (citing *Public Serv. Co. of Colo. v. Gates Rubber Co.*, 175 F.3d 1177, 1182 (10th Cir. 1999)); *see also New York State Elec. & Gas Corp. v. FirstEnergy Corp.*, 808 F. Supp. 2d 417, 505-06 (N.D.N.Y. 2011), *vacated in part*, 766 F.3d 212 (2nd Cir. 2014). ("Unfortunately, the overlap in the definitions of [a removal action and a remedial action], in combination with the complexity of most CERCLA quality cleanups, can tend to blur the dividing line between the two types of responses, making it difficult to distinguish between the two and discern which is involved in a particular instance"). Whether Slater's cleanup was part of a different operable unit than Valbruna's is also a tough question, the resolution of which required nuanced statutory interpretation. And while the Court's ultimate holding that there can be multiple remedial actions at a single site is supported by Seventh Circuit precedent on removal actions, *Bernstein v. Bankert*, 702 F.3d 964, 981-84 (7th Cir. 2012), it also conflicts with the findings of courts of appeals that have addressed the issue of multiple remedial actions directly. *See, e.g.*, *New York State Elec. & Gas Corp. v. FirstEnergy Corp.*, 766 F.3d 212, 235-36 (2d Cir. 2014); *Colorado v.*

5

*Sunoco, Inc.*, 337 F.3d 1233, 1241 (10th Cir. 2003).[3] So, while the Court stands by its statute of limitations determinations, it nevertheless believes that those findings are arguably contestable given the complexity of the issues involved and the lack of direct guidance from controlling authority to resolve them. *See Lajim*, 2016 WL 626801, at *2.

The Court reaches the same conclusion with regard to claim preclusion. Here the parties disagree over whether the resolution of Slater's ELA claim filed in state court now bars Valbruna's CERCLA claim. Joslyn contends that it does since, while Slater could not have filed its federal CERCLA claim in state court, it could have filed both its ELA and CERCLA claims in federal court. Valbruna responds that it does not because, as this court held, the state court would not have had jurisdiction to hear a federal CERCLA claim and thus the state court's judgment has no preclusive effect over that exclusive-jurisdiction federal claim.

This too presented a difficult issue of law unilluminated by clear authority. Its resolution required the Court to interpret Indiana's jurisdictional competency requirement. To do so, the Court looked to *Green v. Hendrickson Publishers, Inc.*, 770 N.E.2d 784 (Ind. 2002). There, the Indiana Supreme Court noted that compulsory counterclaim rules would not prohibit a defendant unable to bring a federal counterclaim in state court due to jurisdictional limitations from later bringing that claim in federal court. Since *Green* cited *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373 (1985), and the Restatement (Second) of Judgments §26 (1982) for that proposition, this Court found that the Indiana Supreme Court may also look to those authorities to conclude that the jurisdictional competency requirement would not bar a

---

[3] Joslyn also cites *United States v. Navistar International Transportation Corporation*. 152 F.3d 702 (7th Cir. 1998). But *Navistar* found that remedial action begins with physical onsite remediation efforts, even if those efforts are not initially successful. It also found that an initial lawsuit against one party cannot make a later lawsuit against a different party a "subsequent action" for statute of limitations purposes. It did not address the disputed issue here: whether one cleanup can involve multiple remedial actions.

plaintiff from "subsequent attempts to secure relief in federal court if the state court lacked jurisdiction over the federal statutory claim." *Marrese*, 470 U.S. at 383 n. 3 (citing Restatement (Second) of Judgments § 26(1)(C) (1982)). Nevertheless, the Court also acknowledged that Indiana courts do often discuss jurisdictional competency in a manner that seems incompatible with *Marrese* and noted that Indiana law on this subject is "somewhat unclear." [DE 39 at 4]. Moreover, as Joslyn notes, several Indiana cases indicate a general disapproval of claim splitting, albeit in different factual contexts. *Erie Insurance Co. v. George*, 681 N.E.2d 183, 188-90 (Ind. 1997) (noting that "Indiana has long discouraged claim splitting" and prohibiting an insurer that paid an insured's medical bills from filing a suit separate from the insured's); *Hilliard v. Jacobs*, 957 N.E.2d 1043, 1048 (Ind. Ct. App. 2012) (prohibiting claim splitting where a plaintiff attempted to file successive state-law lawsuits in state court); *Quimby v. Becovic Mgmt. Group, Inc.*, 946 N.E.2d 30, 34 n. 4 (Ind. Ct. App. 2011) (noting that "our decisions have consistently barred claim splitting" and finding that an employee could not bring successive state-law claims in state court).[4] So, Indiana's jurisdictional competency requirement appears to raise contestable questions.

The Court also found that the Slater suit would not preclude Valbruna's claims even if the jurisdictional competency requirement were satisfied, since an ELA lawsuit and a CERCLA lawsuit would not be based on "identical evidence," another prerequisite for claim preclusion

---

[4] Joslyn also cites several federal claim preclusion cases. But the rule that "the judgment of a court of limited jurisdiction concludes the entire claim assumes that the plaintiff might have commenced his action in a court *in the same system of courts* that was competent to give full relief," *Marrese*, 470 U.S. at 383 n. 3. None of Joslyn's cases undercut that proposition. *Staats v. Cty. of Sawyer*, 220 F.3d 511, 516 (7th Cir. 2000) (no claim preclusion where the plaintiff filed a state employment claim in the only forum able to hear it, which was a state court of limited jurisdiction that lacked jurisdiction over the plaintiff's federal claims); *Supporters to Oppose Pollution, Inc. v. Heritage Grp.*, 973 F.2d 1320, 1325-26 (7th Cir. 1992) (claim preclusion where the plaintiff could have raised its federal claims in a prior federal suit); *Humphrey v. Tharaldson Enterprises, Inc.*, 95 F.3d 624, 626-27 (7th Cir. 1996) (claim preclusion where the plaintiff brought his claims in a state forum of limited jurisdiction, but could have consolidated all of his claims in either a state or a federal court). Moreover, none of these cases apply Indiana claim preclusion law, and Joslyn makes no effort to articulate how they would be relevant to interpreting it.

under Indiana law. The Court found that Valbruna's CERCLA claims required proof of elements that its ELA claims did not—demonstration of consistency of costs with the National Contingency Plan and that the site is a "facility" as CERCLA defines that term.

Here too, there is no directly analogous Indiana authority. And while recent Indiana case law supports this Court's prior decision, *Cavallo v. Allied Physicians of Michiana, LLC*, 42 N.E.3d 995, 1002-03 (Ind. Ct. App. 2015) (no claim preclusion where an attorney fee claim depended on contract issues previously litigated, but also involved a distinct element, the reasonableness of attorney fees), some cases may also be interpreted to lend support to Joslyn's position, *see, e.g.*, *Hilliard*, 957 N.E.2d at 1047 ("Even though individual pieces of evidence may differ between the two sets of claims, such as evidence of Jacobs' insurable interest in David's life for the first set of claims and the oral agreements between the parties in the second set of claims, the same general evidence would be used to adjudicate all of Hilliard's claims"). So, this too is arguably a contestable issue. Thus, while the Court reaffirms its holding that claim preclusion does not bar Valbruna's CERCLA claim, it also finds that the claim preclusion questions raised by Joslyn are arguably contestable.

*Controlling*

A question of law must also be controlling to permit section 1292(b) certification. A controlling question is one the resolution of which could resolve the litigation in its entirety or establish whether a particular claim exists. *DeKeyser v. Thyssenkrupp Waupaca, Inc.*, No. 08-C-488, 2009 WL 750278, at *2 (E.D. Wis. Mar. 20, 2009). A question of law need only be "quite likely to affect the further course of litigation," it does not have to be certain to do so. *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Associates, Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). Here there appears to be little question that the issues Joslyn seeks to appeal are controlling. If

Joslyn prevailed in its statute of limitations or claim preclusion defenses it would likely resolve this litigation in its entirety.

*Question of Law*

An issue must also be a question of law to be appealable under section 1292(b). A question of law is one regarding "the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz*, 219 F.3d at 676. To be considered a question of law under section 1292(b), an issue must be something that the court of appeals can decide quickly and cleanly without having to study the record. *Id*. at 677.

Valbruna asserts that the questions Joslyn wants certified would require close review of detailed facts from this litigation and the prior lawsuit between Joslyn and Slater. [DE 129 at 6]. As such, it says they are not questions of law suitable for interlocutory appeal. Joslyn responds that an interlocutory appeal is appropriate, because Joslyn's briefing sets out sufficient facts to allow the court of appeals to decide the questions at issue swiftly and without having to delve into the record. [DE 131 at 2].

The Court does not believe that Joslyn has presented questions of law relative to its statute of limitations defense. While most of the facts relevant to that defense may be undisputed, a question of law is not "merely an issue free from factual contest" but something the court of appeals can decide quickly, cleanly and "without having to study the record." *Ahrenholz*, 219 F.3d at 676-77. That is not true of the questions Joslyn identifies, which would require a detailed examination of Valbruna's cleanup efforts to determine whether they are more appropriately characterized as removal or remedial actions.[5] While Joslyn claims that the

---

[5] Whether multiple remedial actions may occur at one site, in contrast, may be a question of law. But, for the reasons articulated below, any request to certify that question to the court of appeals would be untimely and fail to expedite litigation.

9

Seventh Circuit could simply rely on the facts set forth in its briefing, the court of appeals would still be required to engage in nuanced application of law to fact, which is not appropriate under section 1292(b).[6] *See United States v. NCR Corp.*, No. 10-C-910, 2016 WL 304805, at *2 (E.D. Wis. Jan. 25, 2016) (declining to certify a CERCLA issue for interlocutory appeal because, while "there are questions of law 'involved' in the proposed appeal . . . at their core they are tied up with difficult questions of fact."); *Palandjian v. Pahlavi*, 782 F.2d 313, 314 (1st Cir. 1986) (*whether* an exception to a statute of limitation exists is a good example of a question of law, but "the question of the *extent* of such an exception is a classic example of what is not to be raised by intermediate appeals"); *Employers Reinsurance Corp. v. Massachusetts Mut. Life Ins. Co.*, No. 06-0188-CV-W-FJG, 2010 WL 2540097, at *3 (W.D. Mo. June 16, 2010) (finding that whether the continuing course of conduct doctrine tolled the statute of limitations presented a mixed question of law and fact inappropriate for section 1292(b) certification), *aff'd*, 654 F.3d 782 (8th Cir. 2011). As such, Joslyn's statute of limitations issue does not present questions of law suitable for a section 1292(b) appeal.

The Court finds otherwise regarding the claim preclusion issue. Here Joslyn seeks to ask the court of appeals whether Indiana law bars a party that filed an ELA claim in Indiana court from later bringing a CERCLA claim in federal court, where the plaintiff could not have filed the CERCLA claim in state court, but could have filed both the CERCLA and the ELA claim in federal court. Resolving this question requires limited factual background. The court of appeals would only need to know the causes of action in Joslyn's previous litigation and the causes of action in this case. Joslyn also seeks to appeal whether Valbruna's CERCLA and ELA claims satisfy Indiana's identical evidence test such as to make claim preclusion appropriate. That

---

[6] Moreover, the court of appeals would be required to confirm the designations of Joslyn's facts in the record.

inquiry likewise does not require familiarity with the factual specifics of this case, but only a general determination of whether the same sort of evidence would typically be necessary to prove claims under two different statutes. *See* [DE 39 at 8-9]; *Cavallo*, 42 N.E.3d at 1002-03 (resolving dispute under the identical evidence test by discussing pertinent categories of evidence in general terms). So, unlike the statute of limitations issue, the claim preclusion issue poses questions of law such as might be an appropriate subject for interlocutory appeal.[7] *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 726 F.2d 1150, 1152 (7th Cir. 1984), *rev'd on other grounds,* 470 U.S. 373 (1985); *see also Bradberry v. Jefferson Cty., Tex.*, 732 F.3d 540, 544 (5th Cir. 2013); *Hentosh v. Old Dominion Univ.*, No. 2:13CV290, 2014 WL 1513284, at *2 (E.D. Va. Apr. 16, 2014). However, as will be discussed below, a section 1292(b) appeal is nevertheless inappropriate since Joslyn's questions fail to satisfy the remaining criteria for an appeal under that statute.

*Timeliness*

"With regard to timeliness, the standard in the Seventh Circuit is that [a section 1292(b) motion] should be filed promptly after the original order unless a good reason for the delay is given." *Desmond*, 2015 WL 4397781, at *3 (citing *Weir v. Propst,* 915 F.2d 283, 286 (7th Cir.1990)). While there is no explicit time limit provided by the statute for seeking a certificate of appealability, requests filed more than a month or so after the order sought to be appealed are often deemed untimely. *See, e.g.*, *Sterk v. Path, Inc.*, No. 13 CV 2330, 2014 WL 8813657, at *3

---

[7] The Court does note that some district courts in this circuit have held interlocutory appeals from bankruptcy courts to be inappropriate where they required evaluating the application of the entirety of a claim preclusion test to the principles of a particular case. *See, e.g., Boliaux v. Manheim Auto. Fin. Servs., Inc.*, No. 10 C 5467, 2010 WL 4529732, at *3 (N.D. Ill. Nov. 2, 2010) ("The present case does not involve a 'pure' question of law. Rather, it first requires this Court to decide whether the bankruptcy court acted properly when [it] applied the doctrine of res judicata to the facts presented *in this case*."). But that seems incompatible with *Marrese*, 726 F.2d at 1152. And in any event, here Joslyn seeks to certify two specific questions about the application of Indiana claim preclusion law for appeal, not the entirety of this Court's determination that claim preclusion does not bar Valbruna's CERCLA claim.

11

(N.D. Ill. Aug. 8, 2014) (delay of two weeks timely); *Abrams v. Van Kampen Funds, Inc.*, No. 01 C 7538, 2002 WL 1989401, at *1 (N.D. Ill. Aug. 27, 2002) (two month delay considered "inexcusably dilatory"); *Morton Coll. Bd. of Trustees of Illinois Cmty. Coll. Dist. No. 527 v. Town of Cicero*, 25 F. Supp. 2d 882, 885 (N.D. Ill. 1998) (month delay untimely). Failure to comply with this requirement can be sufficient grounds to refuse permission to appeal. *Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc.*, 202 F.3d 957, 958 (7th Cir. 2000).

Valbruna contends that Joslyn's request for interlocutory appeal is untimely, because the Court last considered Joslyn's claim preclusion and statute of limitations defenses on their merits years ago. Joslyn responds that its motion is timely because it appeals from the Court's December 4, 2015 order, which references its prior orders and is therefore "inextricably intertwined" with them. [DE 131 at 5]. Further, Joslyn says any delay on its part was not dilatory, but due to seeking additional discovery in hopes of persuading the Court to reconsider prior rulings or that a section1292(b) appeal was warranted.

The Court finds that Joslyn's motion for a certificate of appealability is not timely. This Court's December 4, 2015 order was in no way "inextricably intertwined" with its prior rulings so as to warrant an appeal. While Joslyn seeks to rely on *Murray v. Metropolitan Life Insurance Company* for that proposition, that case is considerably different from this one. 583 F.3d 173 (2d Cir. 2009). In *Murray*, the court considered a motion for a protective order based on attorney-client privilege. It denied that motion, finding that the plaintiff policyholders of a mutual insurance company had been the clients of a defendant company's corporate counsel when that counsel represented the company in a demutualization process. Two years later, it confronted the same issue in a motion to disqualify defense counsel. In addressing that motion, it again found that defense counsel represented the policyholders during the demutualization process and

12

thus granted the motion to disqualify. It then stayed its order and certified the question of the scope of defense counsel's representation for interlocutory appeal. The Second Circuit took the appeal, finding that it had jurisdiction over not only the trial court's ruling on the motion to disqualify, but also the motion for a protective order, since the two involved the same legal issue and thus were "inextricably intertwined." *Id*. at 176-77.

This case presents no such scenario. Here the Court did not confront the same issue in two distinct contexts. Rather, it simply denied Joslyn's attempt to relitigate defenses that the Court had already repeatedly rejected. If such an order were "inextricably intertwined" with prior orders for section 1292(b) purposes, an enterprising party could always rerequest the relief it seeks prior to seeking a certificate of appealability. The Court declines to permit such circumvention of the timeliness requirement. *See TAS Distrib. Co. v. Cummins, Inc.*, No. 07-CV-1141, 2011 WL 5239193, at *4 (C.D. Ill. Nov. 1, 2011) ("In *Weir,* the Seventh Circuit warned that the time limits in section 1292(b) may not be circumvented by the facile device of asking for reconsideration of the order sought to be appealed under that section. Appealing this Court's Order on Cummins' Motion for Clarification instead of the Court's December 17, 2010 Order (the order which announced the legal determination that Cummins seeks to appeal) is a similarly unacceptable attempt at circumvention.") (citation and internal quotation marks omitted).

Joslyn's argument that it required time to engage in further discovery is also unpersuasive. Joslyn made a strategic decision to raise its defenses early in litigation. If Joslyn disagreed with the Court's subsequent orders, it could have sought leave to appeal them shortly after they were rendered. But now the timeliness of a 1292(b) appeal depends on demonstrating

13

that there is sufficient cause to revisit the merits of Joslyn's defenses. Joslyn's failure to make that showing renders its request for interlocutory appeal of now years-old orders untimely.

*Potential to Expedite Litigation*

While that precludes Joslyn's request, for the sake of thoroughness the Court nevertheless examines the last section 1292(b) requirement. This requires that the issue sought to be appealed would speed up litigation. *Ahrenholz*, 219 F.3d at 675. Jolsyn asserts that the Seventh Circuit may find in favor of its claim preclusion or statute of limitations defenses, which would spare the parties an unnecessary trial. Valbruna responds that this litigation has already resulted in considerable time and expense to the parties and that, with only a bench trial on damages remaining, completing district court proceedings is the quickest path to resolution.

The Court agrees with Valbruna. It is possible that the Seventh Circuit could reverse this Court as to one of Joslyn's defenses such as to foreclose Valbruna's claims and thus render further litigation unnecessary. But that possibility comes at the high cost of a lengthy postponement of trial. In contrast, all that remains in this case is a bench trial on the issue of damages. While that may be a complex proceeding, it is a relatively small step to completion in the context of this litigation. Further, it will allow the parties to present all appealable issues at once, limiting the potential for piecemeal appellate litigation. Proceeding to trial may also avoid the time and expense of appeal entirely (though the Court recognizes that this may be unlikely given representations in Joslyn's briefing that it intends to appeal regardless). As such, the Court finds that the quickest way to advance this litigation is to move forward with a bench trial. *Boomsma v. Star Transp., Inc.*, 202 F. Supp. 2d 869, 880 (E.D. Wis. 2002) ("Avoiding delay is a particularly strong ground for denying appeal if certification is sought from a ruling made shortly before trial.") (alterations omitted) (quoting *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996,

1004 (D.N.J. 1996)).

In sum, the issues Joslyn seeks to certify for appeal are controlling and arguably contestable. However, the questions raised by the statute of limitations issue are not questions of law for purposes of section 1292(b). Furthermore, Joslyn's request for interlocutory appeal is not timely and would not expedite this litigation. As such, it is not well taken. As the Court noted more than four years ago, "it is time for this matter to proceed." [DE 39 at 10].

## CONCLUSION

The Court DENIES Joslyn's motion to permit an interlocutory appeal under section 1292(b). [DE 126]. It further advises the parties that it intends to schedule a status conference, at which time it will address Valbruna's motion to schedule a damages hearing [DE 130].

SO ORDERED.

ENTERED: April 21, 2016

                    /s/ JON E. DEGUILIO
                    Judge
                    United States District Court